IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL HALL

    Plaintiff,

v.                                              Civ. No. 22-128 WJ/GBW

BRANDON JOSHUA CLORES, *et al.*

    Defendants.

### ORDER VACATING RULE 16 CONFERENCE AND TO SHOW CAUSE

THIS MATTER is before the Court upon review of the parties' Joint Status Report and Provisional Discovery Plan. *See doc. 15*. On March 17, 2022, the Court issued an initial scheduling order in this matter. *Doc. 10.* In the order, the parties were required to meet and confer, cooperate in preparing a Joint Status Report and Provisional Discovery Plan (JSR), and appear by phone for a Rule 16 conference on May 23, 2022, at 3:00 p.m. *Id.* at 1–2.

The JSR submitted by the parties is deficient in several respects. It fails to propose any deadline for Defendants to amend their pleadings or join additional parties. *See doc. 15* at 1. It also fails to propose a concrete deadline for Plaintiff to amend his pleadings or join additional parties, stating only that "Plaintiff should be allowed until discovery is conducted sufficient to learn the identities, locations and role in the calls complained of by Plaintiff of additional potential defendants, to move to

amend the pleadings and join additional parties." *Id.* The Court notes, however, that Plaintiff's case has been pending for more than 18 months, *see doc. 1* at ¶ 1, and Plaintiff has already filed an amended complaint, *see doc. 1-1* at 2.

Additionally, the section of the JSR containing the parties' contentions includes only conclusory statements reciting Plaintiff's claims and Defendant's contention that they are not liable to Plaintiff; it makes no effort to detail the specific contentions the parties offer in support of those positions. *See doc. 15* at 2. The parties' provisional discovery plan likewise is deficient because the parties fail to describe any meaningful limit on the universe of potential witnesses they may call or give legitimate descriptions of the exhibits they may offer at trial. *See id.* at 2-3. For instance, Plaintiff states only that his witnesses' testimony "is expected to include the subjects of his Complaint on file and testimony regarding the evidence discovered from Defendants." *Id.*

The JSR also fails to adequately describe a proposed time frame for the parties' disclosure of expert reports. It prescribes a time frame for such disclosures of "60 days prior to the end of discovery by the party with the burden of proof on the issue [and] 30 days prior to the end of discovery for rebuttal reports from retained experts." *Doc. 15* at 3-4. Although the Court may be receptive to an approach that would set contingent deadlines for serving expert reports that are tailored to the particular issue(s) upon which the experts would opine, the JSR does not identify what those issues are. *See id.*

Finally, the JSR states that "[t]he parties have agreed to engage a private mediator to conduct an early settlement conference," *see id.* at 4, but does not provide any information about the status of the parties' search for a private mediator or the date by which the parties plan to have engaged in mediation.

Because of the above-mentioned deficiencies in the parties' Joint Status Report, the Court will **VACATE** the Rule 16 Conference set for May 23, 2022, pending the parties' filing of a JSR that provides an appropriate level of detail. The parties shall file a JSR that corrects the above-noted deficiencies **not later than June 6, 2022.**

Additionally, the Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted). Further, the Court may assess sanctions under its inherent power where a party willfully disobeys a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Therefore, **IT IS ALSO ORDERED** that the parties shall each show cause in writing **not later than May 31, 2022,** as to why the Court should not assess sanctions against them for their failure to file an adequate JSR.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE